**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0934n.06

**Case No. 14-1745**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Dec 17, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| RANDALL W. DELLINGER, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | **M E M O R A N D U M** |
| | ) | **O P I N I O N** |

BEFORE: McKEAGUE, KETHLEDGE and ALARCÓN, Circuit Judges.[*]

**PER CURIAM.** This is an appeal from an interlocutory order authorizing the government to involuntarily medicate defendant Randall W. Dellinger for the purpose of restoring his competency to stand trial. Dellinger is charged with interstate communication of a threat, in violation of 18 U.S.C. § 875(c), by indictment returned on November 6, 2013. On December 3, 2013, the district court entered an order holding Dellinger mentally incompetent to stand trial and committing him to the custody of the Attorney General for a period of hospitalization, evaluation and treatment pursuant to 18 U.S.C. § 4241(d)(1). Following a hearing on the government's motion to authorize involuntary administration of medication to

---

[*]The Honorable Arthur L. Alarcón, Senior Circuit Judge, Ninth Circuit Court of Appeals, sitting by designation.

restore competency, the court granted the motion on June 10, 2014. In the hearing, the district court received testimony of a forensic psychologist and the chief psychiatrist from the United States Medical Center for Federal Prisoners in Springfield, Missouri, both of whom opined that Dellinger suffers from paranoid schizophrenia and that antipsychotic medication is necessary and substantially likely to restore competency. Dellinger cross-examined the doctors but did not introduce any evidence of his own at the hearing. After authorizing involuntary medication, the district court stayed its order pending appeal. On appeal, Dellinger contends the government did not meet its burden under the four-part test established in *Sell v. United States*, 539 U.S. 166 (2003).

We review the district court's legal conclusions de novo and findings of fact for clear error. Having duly considered the district court's opinion in light of Dellinger's appellate arguments, we find no error. The district court's analysis represents a faithful and proper application of the *Sell* test, consistent with recent authorities from this circuit. *See United States v. Mikulich*, 732 F.3d 692 (6th Cir. 2013); *United States v. Grigsby*, 712 F.3d 964 (6th Cir. 2013). Every one of Dellinger's appellate arguments is clearly and properly addressed in the district court's opinion. A further opinion reiterating the same reasoning would be duplicative and is unnecessary.

We therefore **AFFIRM** on the basis of the reasoning contained in the district court's order granting the government's request to involuntarily administer medication and **REMAND** the case to the district court for further proceedings.